R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Dylan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Emi Shibata, CA Bar No. 275,069
shibata@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:    310-777-8348
Attorneys for Plaintiffs,
Travel Assets, Inc., d.b.a. Smokebuddy,
and Gregg Gorski

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travel Assets, Inc., d.b.a. Smokebuddy, a California Corporation, and Gregg Gorski, an individual,<br><br>                          Plaintiffs,<br><br>          v.<br><br>Novelty, Inc., an Indiana Corporation,<br><br>                          Defendant. | Case No. 23-cv-01469<br><br>**COMPLAINT FOR:**<br><br>**TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1114(1);**<br><br>**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125; AND,**<br><br>**UNFAIR COMPETITION UNDER CAL. BUS. PROF. CODE § 17200;**<br><br>**DEMAND FOR JURY TRIAL** |

TROJAN LAW OFFICES
BEVERLY HILLS

1

Plaintiffs Gregg Gorski and Travel Assets, Inc. hereby complain against Defendant Novelty, Inc. as follows:

1. This is a civil action for trade dress infringement arising under the Lanham Act and California common law.

## I.  THE PARTIES

2. Plaintiff Gregg Gorski ("GORSKI") is an individual, residing in the State of Nevada.

3. Travel Assets, Inc., d.b.a. Smokebuddy ("SMOKEBUDDY"), is a corporation organized and existing under the laws of the State of California, having a place of business at 11662 Tuxford Street, Sun Valley, California 91352.

4. Upon information and belief, Novelty, Inc. ("NOVELTY") is a domestic for-profit corporation organized and existing under the laws of the State of Indiana, having a principal place of business at 351 W Muskegon Dr., Greenfield, IN, 46140.

## II.  JURISDICTION AND VENUE

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338(a) over Plaintiffs' trade dress infringement claims arising under the Lanham Act. The Court has jurisdiction under 28 U.S.C. § 1338(b) over Plaintiffs'

TROJAN LAW OFFICES
BEVERLY HILLS

TROJAN LAW OFFICES
BEVERLY HILLS

1  claim for statutory unfair competition pursuant to Cal. Bus. & Prof. Code §§

2  17200 et seq. because that claim is joined with a substantial and related claim

3  under the trademark laws, and the Court also has supplemental jurisdiction over

4  that claim under 28 U.S.C. § 1367(a) because it is so related to the federal claims

5  that it forms part of the same case and controversy. In the alternative, the Court

6  has subject matter and original jurisdiction over all claims for relief asserted herein

7  pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists

8  between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000,

9  exclusive of interest and costs.

10      6.      Plaintiffs are informed and believe, and on that basis allege, this

11  Court has personal jurisdiction over Defendant because it has extensive contacts

12  with, and conducts business within, the State of California and this judicial

13  district; it has caused its products to be advertised, promoted, and sold in this

14  judicial district; and the causes of action asserted in this Complaint arise out of

15  Defendant's contacts with this judicial district.

16      7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391

17  because the acts complained of herein have been, and are being committed, in this

18  judicial district.

19              **III.   FACTUAL BACKGROUND**

20      8.      GORSKI founded SMOKEBUDDY in 2008 to produce high-quality,

21

personal air filters which eliminate smoke, odors and pollutants and reduce their impact on non-smokers and the environment. SMOKEBUDDY is wholly owned by GORSKI.

9.    GORSKI is the owner of Trademark Registration No. 6,145,526 ("the '526 Registration") for trade dress consisting of a three-dimensional configuration of a distinctive smoke filter as shown:



("the registered trade dress") .  The '526 Registration was registered on September 8, 2020 on the United States Patent and Trademark Office's Principal Register for smoking device. A true and correct copy of the '526 Registration is attached hereto as **Exhibit 1**.

10.    GORSKI also has valid and protectable common law trade dress rights in a distinctive smoke filter having the shape and silhouette as shown, the design being non-functional and inherently distinctive:



4

TROJAN LAW OFFICES
BEVERLY HILLS

Consumers have come to rely upon the common law trade dress as a sign of the quality and reputation of personal air filter products originating from Plaintiffs.

11.    The registered trade dress and the common law trade dress are collectively referred to hereinafter as "the Trade Dress."  GORSKI licenses the Trade Dress rights described above to SMOKEBUDDY.

12.    Pursuant to its exclusive license with GORSKI, SMOKEBUDDY sells personal air filters called the Smokebuddy ("the Smokebuddy® air filters") which are covered by the Trade Dress:



Tie Dye Smokebuddy Original Personal Air Filter          Pink Smokebuddy Original Personal Air Filter          Purple Smokebuddy Original Personal Air Filter

13.    Consumers have come to closely associate the Smokebuddy® air filters with the Trade Dress.

14.    SMOKEBUDDY has been selling personal air filters with the Trade Dress in interstate commerce since at least 2010. A true and correct copy of Plaintiffs' current webpage as of February 24, 2023 showing Smokebuddy® air filters for sale is attached hereto as **Exhibit 2**.

15.    SMOKEBUDDY has invested significant time, money, and effort in

5

1 developing the Trade Dress, which has resulted in significant commercial success

2 and public recognition of the Smokebuddy® air filters based on the Trade Dress.

3      16.    Upon information and belief, Defendant NOVELTY sells personal

4 air filters under the name "ZILLA SMOKE FILTER" ("ZILLA smoke filter") on

5 its website (https://noveltyincwholesale.com/products/item-number-023064-

6 zilla-smoke-filter-6-pieces-per-display) as shown, which has a design that is

7 substantially similar to Plaintiffs' Trade Dress:

8



16 ("the Infringing Design").

17      17.    Defendant's ZILLA smoke filter infringes the Trade Dress

18 associated with Smokebuddy® air filters by causing and continuing to cause actual

19 confusion among consumers.

20      18.    Upon information and belief, Defendant knew of Plaintiffs'

21                                   6

TROJAN LAW OFFICES
BEVERLY HILLS

1     ownership and commercial use of the Trade Dress, and thus Defendant's adoption

2     of the Infringing Design was an attempt to trade on the goodwill and good

3     reputation of Plaintiffs' Trade Dress. Defendant's infringement of Plaintiffs'

4     Trade Dress is therefore willful and deliberate.

5         19.    Defendant's infringing use of the Trade Dress has damaged Plaintiffs'

6     good reputation and has caused Plaintiffs' lost sales.

7

8              **IV.    FIRST CAUSE OF ACTION FOR**

9        **TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1114(1)**

10        20.    Plaintiffs hereby incorporate by reference the allegations contained

11    in paragraphs 1 through 19.

12        21.    Plaintiff GORSKI is the owner of a valid trade dress under the '526

13    Registration. The registered trade dress has been used continuously in commerce

14    as claimed in the registration. The registration is enforceable under the Lanham

15    Act.

16        22.    Plaintiff SMOKEBUDDY has the exclusive right to use the

17    registered trade dress in connection with smoke filter products in commerce in the

18    United States.

19        23.    Defendant NOVELTY has used, and is using, in interstate commerce

20    the ZILLA smoke filters having the Infringing Design, which is substantially

21

TROJAN LAW OFFICES
BEVERLY HILLS

1    similar to Plaintiffs' registered trade dress, without Plaintiffs' authorization in

2    violation of Plaintiffs' '526 Registration.

3        24.    Defendant NOVELTY is using the Infringing Design in connection

4    with the sale, offering for sale, distribution, or advertising of smoke filters in a

5    manner likely to cause confusion, or to cause mistake, or to deceive consumers as

6    between Defendant's goods and Plaintiffs' goods.

7

8    **Plaintiffs' Registered Trade Dress        Defendant's Infringing Design**



9

10

11

12

13

14

15        25.    Defendant NOVELTY has therefore infringed, and is infringing, on

16   Plaintiff's registered trade dress in violation of the Lanham Act, 15 U.S.C. § 1114.

17        26.    Defendant    NOVELTY    has    undertaken    such    acts    willfully,

18   intentionally, and without permission or authorization from Plaintiffs.

19        27.    By reason of the foregoing, Plaintiffs have been injured in an amount

20   not yet fully determined but believed to exceed the jurisdictional limit of this

21

TROJAN LAW OFFICES
BEVERLY HILLS

1  Court, in an amount to be proven at the time of trial and believed to be at least

2  $1,000,000.00, or no less than Plaintiffs' profits or Defendant's profits on the sales

3  of the infringing products.

4       28.   Because Defendant's acts have been committed willfully,

5  intentionally, and with the intent to profit from Plaintiffs' goodwill in Plaintiffs'

6  registered trade dress, this is an exceptional case and Plaintiffs are entitled to

7  recover their attorneys' fees, costs, and expenses associated with this action.

8       29.   Furthermore, considering Defendant's willful and intentionally

9  infringing activities, Plaintiffs are entitled to recover Defendant's profits and are

10 entitled to trebling of such damages pursuant to 15 U.S.C. §§ 1117(a).

11      30.   By reason of Defendant's acts of trade dress infringement, Plaintiffs

12 have suffered and will continue to suffer irreparable injury and Plaintiffs will have

13 no adequate remedy at law unless and until this Court enters an order enjoining

14 Defendant from any further acts of trade dress infringement.

15

16 **V.    SECOND CAUSE OF ACTION FOR FALSE DESIGNATION**

17 **OF ORIGIN UNDER 15 U.S.C. § 1125**

18      31.   Plaintiffs hereby incorporate by reference the allegations contained

19 in paragraphs 1 through 30.

20      32.   Defendant NOVELTY's copying of Plaintiffs' registered trade dress

21

TROJAN LAW OFFICES
BEVERLY HILLS

in connection with the sale, offering for sale, distribution, or advertising of the ZILLA smoke filters is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of its goods or commercial activities by Plaintiffs, in violation of 15 U.S.C. § 1125(a).

33. Defendant NOVELTY has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiffs.

34. By reason of the foregoing, Plaintiffs have been injured in an amount not yet fully determined but believed to exceed the jurisdictional limit of this Court, in an amount to be proven at the time of trial and believed to be at least $1,000,000.00, or no less than Plaintiffs' profits or Defendant's profits on the sales of the infringing products.

35. Because Defendant's acts have been committed willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill in Plaintiffs' distinctive products and packaging, this is an exceptional case and Plaintiffs are entitled to recover their attorneys' fees, costs, and expenses associated with this action.

36. Furthermore, considering Defendant's willful and intentionally infringing activities, Plaintiffs are entitled to recover Defendant's profits and are entitled to trebling of damages and attorney's fees.

TROJAN LAW OFFICES
BEVERLY HILLS

1   37.   By reason of Defendant's acts of unfair competition, Plaintiffs have

2   suffered and will continue to suffer irreparable injury and Plaintiffs will have no

3   adequate remedy at law unless and until this Court enters an order enjoining

4   Defendant from any further acts of infringement and unfair competition.

5

6   **VI.   THIRD CAUSE OF ACTION FOR UNFAIR COMPETITION**

7   **UNDER CAL. BUS. PROF. CODE § 17200 ET. SEQ.**

8   38.   Plaintiffs hereby incorporate by reference the allegations contained

9   in paragraphs 1 through 37.

10   39.   Defendant NOVELTY's use of the Infringing Design violates

11   Plaintiffs' common law trade dress rights as alleged herein.

12   40.   Defendant NOVELTY's copying of Plaintiffs' common law trade

13   dress in connection with the sale, offering for sale, distribution, or advertising of

14   the ZILLA smoke filters is likely to cause confusion, or to cause mistake, or to

15   deceive consumers.

16   41.   By virtue of Defendant NOVELTY's acts, Defendant has engaged in

17   unfair competition in violation of Cal. Bus. Prof. Code § 17200 *et seq*.

18   Defendant's acts constitute, among other things, unfair competition, infringement

19   of common law trade dress, passing off, deceptive advertising, and unfair trade

20   practices, which have caused injury to Plaintiffs' reputation.

21

42.     Defendant NOVELTY has undertaken such acts willfully, intentionally, and without permission or authorization from Plaintiffs.

43.     By reason of the foregoing, Plaintiffs have been injured in an amount not yet fully determined but believed to exceed the jurisdictional limit of this Court, in an amount to be proven at the time of trial and believed to be at least $1,000,000.00, or no less than Plaintiffs' profits or Defendant's profits on the sales of the infringing products.

44.     Because Defendant's acts have been committed willfully, intentionally, and with the intent to profit from Plaintiffs' goodwill in Plaintiff's common law trade dress, this is an exceptional case and Plaintiffs are entitled to recover their attorneys' fees, costs, and expenses associated with this action.

45.     Furthermore, considering Defendant's willful and intentionally infringing activities, Plaintiffs are entitled to recover Defendant's profits and are entitled to trebling of damages and attorney's fees.

46.     By reason of Defendant's acts of unfair competition, Plaintiffs have suffered and will continue to suffer irreparable injury and Plaintiffs will have no adequate remedy at law unless and until this Court enters an order enjoining Defendant from any further acts of unfair competition.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a.     A preliminary injunction barring Defendant and all of its agents, officers, attorneys, successors, and assigns from manufacturing, importing, using, selling, and/or offering for sale any products that infringe Plaintiffs' rights in the '526 Registration and/or common law rights as alleged herein;

b.     A permanent injunction barring Defendant and all of its agents, officers, attorneys, successors, and assigns from manufacturing, using, selling, and/or offering for sale any products that infringe the '526 Registration and/or common law rights as alleged herein;

c.     That Defendant be adjudged to have violated 15 U.S.C. § 1114(1) by infringing the '526 Registration;

d.     That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiffs by using false, deceptive or misleading representation of its products;

e.     The Defendant be adjudged to unlawfully and unfairly compete against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, et seq.;

f.     A judgment of at least $1,000,000, or according to proof, against Defendant under 15 U.S.C. § 1117(a), and actual compensatory damages,

adequate to compensate Plaintiffs for all of their losses, including prejudgment interest, lost profits, loss of convoy sales, price erosion, and loss of market share;

g. Treble damages and attorney fees pursuant to 15 U.S.C. § 1117(a) for the willful infringement of Plaintiffs' '526 Registration;

h. Costs of suit and prejudgment interest against Defendant; and

i. Any and all other relief that the Court deems proper.


## VIII. DEMAND FOR JURY TRIAL

Plaintiffs hereby exercise their right to a jury trial under the Seventh Amendment to the United States Constitution and hereby demand a jury trial in accordance therewith.

Respectfully submitted,

TROJAN LAW OFFICES
by

February 27, 2023     /s/R. Joseph Trojan
R. Joseph Trojan
Attorney for Plaintiffs
Travel Assets, Inc., d.b.a.
Smokebuddy, and Gregg Gorski

TROJAN LAW OFFICES
BEVERLY HILLS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21