R. Joseph Trojan, CA Bar No. 137,067
trojan@trojanlawoffices.com
Lan C. Dang, CA Bar No. 223,455
dang@trojanlawoffices.com
Mehdi Poursoltani, CA Bar No. 331,961
poursoltani@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA 90212
Telephone: 310-777-8399
Facsimile: 310-777-8348

Attorneys for Plaintiffs,
Travel Assets, Inc., d.b.a. Smokebuddy,
and Gregg Gorski

John L. Roberts (SBN 208,927)
john@robertsiplaw.com
ROBERTS IP LAW
6545 S Fort Apache Rd,
Ste 135-102
Las Vegas, NV 89148-6758
Telephone: 702-482-7405

Attorney for Defendant,
Novelty, Inc.

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travel Assets, Inc., d.b.a. Smokebuddy, a California corporation, and Gregg Gorski, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>Novelty, Inc., an Indiana corporation,<br><br>        Defendant. | Case No. 2:23-cv-01469-FMO-JPR<br><br>**STIPULATED PERMANENT INJUNCTION** |

TROJAN LAW OFFICES
BEVERLY HILLS

WHEREAS, Plaintiffs Travel Assets Inc., d.b.a. Smokebuddy, and Gregg Gorski (collectively, "Plaintiffs") brought this action against Defendant Novelty, Inc. ("Defendant") (collectively, the "Parties") pursuant to the Complaint filed on February 27, 2023, wherein Plaintiffs have asserted certain claims and Defendant has denied liability for such claims;

WHEREAS, Plaintiffs and Defendant have entered into a settlement agreement to resolve this action, and as part of that agreement, without any admission of liability and solely for purposes of settlement they stipulate and consent to a permanent injunction as set forth herein;

For the purposes of this permanent injunction, the following definitions shall apply:

a.      The term "Asserted Trade Dress" means the trade dress embodied in U.S. Trademark Registration No. 6,145,526;

b.      The term "Smokebuddy Air Filter" means the three-dimensional configuration of a distinctive smoke filter embodied in Trademark Registration No. 6,145,526, as well as valid and protectable common law trade dress rights in a smoke filter product embodying that three-dimensional configuration;

c.      The term "Asserted Trademark Rights" means all rights individually and collectively asserted in paragraphs a-b above.

d.      The term "Accused Products" means all personal smoke filter products sold by Defendant having the specific shape and design features as shown below:



NOW, THEREFORE, it is accordingly stipulated that:

1.     The Court has jurisdiction over this action;

2.     Defendant, by and through its undersigned counsel, consents and agrees to a permanent injunction against Defendant and those under Defendant's control, including to the extent applicable: its affiliated companies, officers, directors, agents, servants, employees, and such other persons who are in active concert or participation, or in privity with any of them, and agrees to be bound by the following terms:

**PERMANENT INJUNCTION**

1.     Effective as of June 1, 2024, Defendant and those under Defendant's control, including to the extent applicable: its affiliated companies, officers, directors, agents, servants, employees, and such other persons who are in active concert or participation, or in privity with any of them:

(a) Shall thereafter be permanently restrained and enjoined from infringing the Asserted Trademark Rights, by any means, by making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any Accused Products or any products using any mark, name, symbol, or logo confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Asserted Trade Dress;

(b) Shall be permanently restrained and enjoined from making, having made, publicly displaying, advertising, having advertised, marketing, having marketed, offering for sale, having offered for sale, or selling any products having a shape or configuration confusingly similar to or otherwise likely to cause confusion, mistake, or deception with Plaintiffs' Smokebuddy Air Filter;

(c) Shall be permanently restrained and enjoined from representing that Defendant or any of its products are in any way sponsored by, affiliated with, associated with, or endorsed or licensed by Plaintiffs.

2. The territorial scope of this injunction is the United States of America.

3. This injunction shall expire if and when and to the extent the Asserted Trademark Rights become legally abandoned.

4. This case is dismissed with prejudice, except that the Court shall retain jurisdiction for the purposes of implementing and enforcing this permanent injunction.

5. Defendant irrevocably and fully waives any and all right to appeal the permanent injunction, to have it vacated or set aside, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

6. Defendant acknowledges that it has read this stipulation and permanent injunction and has had it explained by counsel of its choosing, and fully understands it and agrees to be bound thereby and will not deny the truth or accuracy of any term or provision herein.

**IT IS SO STIPULATED.**

TROJAN LAW OFFICES

Dated: June 5, 2024          By:   /s/R. Joseph Trojan
                                   R. Joseph Trojan (137,067)
                                   Dylan C. Dang (223,455)
                                   Mehdi Poursoltani (331,961)
                                   Attorneys for Plaintiffs
                                   Travel Assets Inc., d.b.a.
                                   Smokebuddy and Gregg Gorski


ROBERTS IP LAW

Dated: June 5, 2024          By:   /s/John L. Roberts
                                   John L. Roberts (SBN 208927)
                                   Attorney for Defendant
                                   Novelty, Inc.